UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANNY VANDIVER, Individually and for Others Similarly Situated,<br><br>v.<br><br>ANADARKO PETROLEUM CORPORATION | Case No. 4:22-cv-02079<br><br>Collective Action<br><br>Jury Trial Demanded |

**VANDIVER'S OPPOSITION TO MOTION FOR A STAY (DOC. 15)**

**A.   SUMMARY.**

Anadarko says "a decision on *Helix*… could result in dismissal of both the Plaintiff's individual and class-wide claims." Doc. 15 at 10.[1] It claims "[t]he outcome of *Helix* will be determinative of the central legal issue in this case – identifying when alleged 'day rate' workers may be exempt from overtime under the FLSA." *Id.* at 3. Not only does Anadarko's description of this potential outcome go well beyond the narrow issue presented in *Helix*, but it also ignores the fact that Vandiver's day rate isn't high enough to implicate *Helix*.

*Helix* addresses **only** whether the reasonable relationship test applies to the highly compensated employee (HCE) test for exemption. While Anadarko implies *Helix* may change everything about the "salary basis" test for so-called HCEs, it can't. *Id.* at 7. Under the HCE test, employees undoubtedly must be paid on a "salary basis." 29 C.F.R. § 541.601(b)(1) ("'Total annual compensation' must include at least $684 per week paid **on a salary … basis** as set forth in §§ 541.602.") (emphasis added). So even if *Helix* is reversed, Anadarko must still establish Plaintiffs

---

[1] Referring to *Helix Energy Sols. v. Hewitt*, cert. granted sub nom., -- S. Ct. --, No.21-984, 2022 WL 1295708 (May 2, 2022).

1

performed exempt job duties, were guaranteed a *bona fide* salary, and that the guaranteed salary met the requisite levels. Despite bearing the burden to prove a stay is necessary, Anadarko failed to show anything would meaningfully change with respect to the discovery done, evidence presented, witnesses called, etc., if this case is not stayed. Therefore, Anadarko's request to delay this case should be denied.

**B.     STAYS ARE DISFAVORED AND GRANTS OF CERTIORARI DON'T CHANGE THE LAW.**

Anadarko says "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Doc. 15 at 4 (quoting *Frey v. Frontier Utilities Ne. LLC*, Civ. A. No. 19-2372-KSM, 2021 WL 322818, at *1 (E.D. Pa. Feb. 1, 2021)). Even if that's true, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see, e.g.*, *Greinstein v. Granite Servs. Int'l, Inc.*, No. 2:18-cv-00208-Z-BR, Doc. 180 (N.D. Tex. June 29, 2022) (denying a similar motion to stay based on the grant of certiorari in *Helix*), attached as Exhibit 1.

"The proponent of a stay bears the burden of establishing its need." *Bilberry v. JPMorgan Chase Bank, N.A.,* No. 1:20-CV-470-RP, 2021 WL 536440, at *1 (W.D. Tex. Jan. 13, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). The **party seeking a stay** "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to someone else." *Landis*, 299 U.S. at 255. In determining whether a stay is proper, the Court considers: (1) the potential prejudice to the non-moving party; (2) the hardship to the moving party if the stay is denied; and (3) the judicial efficiency in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from the stay. *Trahan v. BP*, Civ. A. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2020). In other words, "the Court considers '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case;

2

and (3) whether discovery is complete and whether a trial date has been set.'" *Bilberry,* 2021 WL 536440, at *2 (citing *Dwyer v. USAA Savings Bank*, Civ. A. No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. 2017)).

A grant of certiorari in a case does not alter the law. *See Kelly v. Quarterman*, 296 Fed. App'x. 381, 382 (5th Cir. 2008) (declining to grant a stay after the Supreme Court granted certiorari in a case because "we are bound by our precedent even after the Supreme Court grants certiorari in another case on the relevant issue"); *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue"). To that end, "it is doubtful if 'it is ever appropriate to stay a lower court judgment in light of unenacted legislation.'" *Garcia v. Texas,* 564 U.S. 940, 941 (2011). "The same holds for [a] request for a stay pending a Supreme Court ruling in other cases. [The Court should] apply the law as it currently exists." *Ibarra v. Thaler,* No. W-02-CA-052, 2011 WL 13177744, at *1 (W.D. Tex. Oct. 6, 2011) *cf. Hinkle v. Phillips 66 Co.*, 35 F.4th 417, 418 n.2 (5th Cir. 2022) (a pending "petition for rehearing" does not change or diminish the current effect of an existing order).

**C. A STAY PENDING *HELIX* IS NOT WARRANTED.**

Anadarko's motion should be denied because a stay will prejudice Plaintiffs, *Helix* will not simplify the issues (or promote judicial economy), and a stay will not promote judicial efficiency.

First and foremost, *Helix* is not implicated because—even if you buy off on the argument that a day rate somehow qualifies as a salary—Vandiver's day rate isn't high enough to pass the "salary level" test. Anadarko says it "will establish, pursuant to § 541.601 that [Vandiver] and the putative collective members… were guaranteed payments in excess of $684 a week (or $455 per week prior to 2020) in any week they perform[ed] work." Doc. 15 at 2. Anadarko had to say that because, the foundational requirement for any exemption is that employees be paid on a "salary basis." 29 C.F.R. §

3

541.601(b)(1). "An employee will be considered to be paid on a 'salary basis' … if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.601(a). And "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." *Id.* at § 541.601(a)(1).

But Vandiver was paid a day rate instead of a weekly salary. Doc. 1 at ¶ 11, 13, 24, 28, 59, 64-67, and 71-72. While the same was true for *Hewitt*, Anadarko can't satisfy even the incorrect logic of the *Helix* district court. Judge Hoyt thought Hewitt's day rate could qualify as a salary because "[29 C.F.R. § 602(a)(1)] does not require that the plaintiff be guaranteed to work a prescribed number of days, but instead demands that the plaintiff be paid a predetermined amount, not to fall below $455 [$684 after January 1, 2020] during any week in which he works." *Hewitt v. Helix Energy Sols. Grp., Inc,* No. 4:17-CV-2545, 2018 WL 6725267, at * 3 (S.D. Tex. Dec. 21, 2018); *see also Hewitt v. Helix Energy Sols. Grp., Inc.,* 15 F.4th 289, 294 (5th Cir. 2021) ("Helix theorizes that Hewitt's daily rate *is* the minimum weekly guaranteed amount."). And "the pay [Hewitt] received for the days that he worked never fell below the requisite [weekly] amount" because his day rate was at least $963 per day. *Hewitt,* 2018 WL 6725267, at *1 & 3, n. 2. So if Hewitt worked even one day in a week, he would receive at least $963, which was more than the required weekly amount. But that isn't true for Vandiver because his day rate was only $660, which is less than $684 (required after January 1, 2020). So Anadarko fails the salary "level" test even if *Helix* ultimately finds—despite the plain language of the regulations and decades of authority—that a day rate can qualify as payment on a salary "basis."

Second, Plaintiffs will be prejudiced by a stay. Anadarko's requested stay "likely will take many months; … and [as discussed below] the Court's resolution may not inform the issue at issue here." *Tillery v. Cornell Wireline Servs., LLC*, Civ. No. SA-15-CA-454-FB, 2015 WL 13806199, at *9 (W.D. Tex.

4

Aug. 28, 2015). And the lengthy delay "would unduly prejudice Plaintiff [because it] risks the loss of testimonial and documentary evidence potentially valuable to Plaintiff's case." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.,* No. 6:20-cv-00317-ADA, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) (citing *Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-cv-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010); *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344 H (BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009)).

Third, *Helix* won't materially simplify the issues before the Court, which is "the most important factor bearing on whether to grant a stay." *Kirsch,* 2021 WL 4555610, at *3 (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)); *see also Worldwide Oilfield Mach., Inc. v. Ameriforge Grp., Inc.,* Civ. A. No. H-13-3123, 2015 WL 12780757, at *2 (S.D. Tex. June 5, 2015). Despite Anadarko's claim, *Helix* is not decisive on the exemption issue. At most, *Helix* will address a slice of Anadarko's exemption defenses. *Helix* doesn't even purport to address any elements of Plaintiffs' claims. To prevail on its exemption defenses, Anadarko must prove: (1) Plaintiffs' job duties qualified for exemption; (2) Anadarko met the "salary level" tests under 29 C.F.R. §§ 541.600 & 541.601; (3) it complied with the "salary basis" test's general rule under 29 C.F.R. § 541.602 by guaranteeing a qualifying salary; (4) the alleged "salary" was not subject to improper deductions based on the quality or quantity of work performed as explained in 29 C.F.R. §§ 541.602 & 541.603; and, assuming all those requirements have been met, (5) it complied with the "minimum guarantee plus extras" regulation (29 C.F.R. § 541.604) by ensuring the guaranteed salary was reasonably related to the employee's actual earnings. Failure on any of these elements means Anadarko's exemption defenses fail.

*Helix* will **only** decide whether employees who qualify for the HCE test for exemption must meet the salary basis test's reasonable relationship requirement (element 5). It won't address whether workers' job duties satisfy the "duties tests" for exemption (element 1). Nor will it inform whether the

alleged "salary" Anadarko claims it paid Plaintiffs meets the salary level (element 2) or salary guarantee (element 3) requirements. So, even if *Helix* ultimately decides the reasonable relationship test does not apply to highly compensated employees, critical issues relating to Anadarko's exemption defenses remain before the Court: duties, salary level, and salary basis.

Fourth, *Helix* won't change discovery on the exemption issue because the proof to meet the duties, salary level, and salary basis tests will be effectively the same. For example, the discovery necessary to compute damages and to show whether an alleged "salary" meets the salary level (element 2), salary guarantee (element 3), and salary deductions requirements (element 4) is the same discovery necessary to show the "salary" was reasonably related to the employee's actual earnings (element 5). This discovery includes evidence of the hours Plaintiffs worked and the compensation they received each week. It will include, for example, Plaintiffs' pay stubs, timesheets, and testimony. Regardless of *Helix*, this discovery will be used to calculate damages and to determine whether Anadarko's alleged "salary" meets the salary level or guarantee requirements of the "salary basis" test. *Helix* will only dictate whether the Parties must compare the amounts highly compensated Plaintiffs earned each week to their alleged "salary" to satisfy the reasonable relationship aspect of the salary basis test.

Moreover, the impact of *Helix*—if relevant—can be readily applied even after judgment. If Plaintiffs only prevail with respect to the reasonable relationship test, a decision in their favor can be remedied by reversing on that element. If Anadarko loses on any other element, losing on the reasonable relationship prong becomes irrelevant. Indeed, if Plaintiffs show Anadarko failed to pay them a salary in the first place, the Court need not analyze the reasonable relationship test at all.

### D. CONCLUSION.

As set forth herein, the Court should deny Anadarko's Motion for a Stay (Doc. 15).

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    Federal ID No. 1093163
    **Richard M. Schreiber**
    Texas Bar No. 24056278
    Federal ID No. 705430
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 11th of August, 2022.

        */s/ Richard M. Schreiber*
        **Richard M. Schreiber**